IN DISTRICT COURT, COUNTY OF MCKENZIE, STATE OF NORTH DAKOTA

| | |
|---|---|
| Cory Reavis,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Hess Corporation,<br><br>　　　　　　　　Defendant. | Civil No.:<br><br>**COMPLAINT** |

[¶1]   **COMES NOW**, the Plaintiff Cory Reavis, for his cause of action against the Defendant Hess Corporation, alleges and states as follows:

[¶2]   Plaintiff Cory Reavis is a resident of the City of Jasper, State of Georgia, and at all times material herein was working in and around McKenzie County, State of North Dakota.

[¶3]   Upon information and belief, Defendant Hess Corporation, is a corporation registered to do business in the State of North Dakota, with its principal office located at 1185 Avenue of the Americas in New York, New York.

[¶4]   This Court has jurisdiction over the above-named parties and over the subject matter of this action.

[¶5]   On and before February 19, 2015, Cory Reavis was employed by Acadian SMS and was working as a remote paramedic.

[¶6]   On or about February 19, 2015, Cory Reavis was assigned to provide remote paramedic services at Hess Corporation's well site HA Rolfsrud 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 H-5.

[¶7]   As part of Cory Reavis' assignment, Cory checked in vehicles and individuals entering the well site, as a safety precaution, in order for paramedic services to always know how many individuals were present at the well site in the event of an emergency.

1

Exhibit B

[¶8] On or about February 19, 2015, Cory Reavis was checking in a vehicle and its occupants to Hess Corporation well site HA Rolfsrud 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 H-5.

[¶9] While checking in this vehicle, Cory Reavis climbed the steps of the vehicle in order to check-in all occupants.

[¶10] The ground in and surrounding the check-in area where this vehicle was parked was icy, and very uneven, due to the thawing and refreezing of tire ruts caused by heavy equipment traveling in and out of the well site.

[¶11] As Cory Reavis stepped down from the vehicle, he lost his footing on the uneven ground, rolled his ankle and lost his balance, sustaining serious and painful bodily injury.

[¶12] Hess Corporation owed a duty to individuals present on this well site to act reasonably to maintain the premises in a reasonable, and safe condition in view of all the circumstances.

[¶13] Hess Corporation owed a duty to individuals present on this well site to use reasonable care to inspect and repair the premises and/or to warn those individuals in order to protect them from an unreasonable risk of harm caused by the condition of the premises, while on the premises.

[¶14] Cory Reavis' fall was due to the negligence of Hess Corporation, in that Hess Corporation and its employees failed to act reasonably in maintaining the premises in a reasonable, and safe condition, and failed to use reasonable care to ensure proper grading and de-icing of the area in which Cory Reavis was required to complete vehicle/occupant check-ins on the well site.

[¶15] The negligence of Hess Corporation and/or its employees or agents was a direct and proximate cause of the fall of Cory Reavis on February 19, 2015, which ultimately resulted in serious and painful bodily injury to the Plaintiff.

[¶16] As a direct and proximate result of the fall, Cory Reavis has suffered, and will continue to suffer, physical pain and discomfort caused by injuries to his body, including but not limited to a peroneal tendon tear, and other injuries to his left foot, heel and ankle. Some of these injuries may be permanent and may result in permanent impairment of use and function of his body and mind.

[¶17] In addition to suffering from physical pain and discomfort, Cory Reavis has also suffered, and will continue to suffer, mental and emotional stress and anxiety as a direct and proximate result of the fall.

[¶18] As a further direct and proximate result of said injuries, Cory Reavis has incurred medical expenses in excess of $212,231.46 and will continue to incur additional medical expenses in the future as he continues to require medical care.

[¶19] As a further direct and proximate result of said injuries, Cory Reavis has incurred lost wages in excess of $150,000, the full extent to be proven at trial, as well as a diminished earning capacity in an amount to be proven at trial. He will continue to incur additional lost wages in the future.

[¶20] **WHEREFORE,** Plaintiff Cory Reavis prays for judgment against Defendant Hess Corporation, and requests the Court enter judgment as follows:

a. For recovery of reasonable damages in an amount in excess of $50,000 for past and future pain, inconvenience, physical impairment, mental anguish, emotional distress and other non-pecuniary damages as allowed by North Dakota law.

b. Recovery of reasonable damages in excess of $212,231.46 for past medical expenses.

c. Recovery of reasonable damages for future medical expenses.

d. Recovery of reasonable damages in excess of $150,000 for past lost wages.

e. Recovery of reasonable damages for future lost wages and diminished earning capacity.

f. Recovery of costs and disbursements of this action.

g. Interest.

h. For such other and further relief as the Court may deem just and equitable.

A TRIAL BY JURY IS HEREBY DEMANDED.

Dated this 15 day of September, 2017.

O'KEEFFE, O'BRIEN, LYSON & FOSS, LTD.

_____
TATUM O'BRIEN LINDBO (ND ID No. 05985)
SARA M. MONSON (ND ID No. 06962)
720 Main Avenue
Fargo, ND 58103
Phone: (701) 235-8000
Fax: (701) 235-8023
tatum@okeeffeattorneys.com
sara@okeeffeattorneys.com
Attorneys for Plaintiff

4